UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA ADAMSON,               )
                                )
                Plaintiff,       )        Case No.
                                )        Hon.
        v.                       )
                                )
CITY OF TAYLOR, a Michigan municipal )
corporation, OFFICER THOMAS AMROSS, )
OFFICER JORDAN CHAMBERLAIN,       )
OFFICER ANNA MARIE LUMETTA,       )
OFFICER AARON LAYNE, OFFICER      )
SYLVESTER, OFFICER STRUDER and    )
OFFICER FRYCKLAND, in their individual )
and official capacities,          )
                                )
                Defendants.       )
                                                                        /

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Joshua Thomas (P84263)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702
                                                                        /

**COMPLAINT AND JURY DEMAND**

Plaintiff, Veronica Adamson, by and through her attorneys, Perkins Law Group, LLC, and Law Offices of Joel B. Sklar, files this Complaint and Jury Demand in the above captioned matter, and says:

1.      Plaintiff, Veronica Adamson, is an individual and resident of the City of Taylor, Michigan, which is in this District.

2.      Defendant, City of Taylor, is a municipal corporation doing business in the City of Taylor, Michigan, and operates the City of Taylor Police Department (TPD), which is in this District.

3.      Defendant Taylor Police Officer Thomas Amross is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

4.      Defendant Taylor Police Officer Jordan Chamberlain is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

5.      Defendant Taylor Police Officer Anna Marie Lumetta is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. She is being sued in her individual and official capacities.

2

6.     Defendant Taylor Police Officer Aaron Layne is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

7.     Defendant Taylor Police Officer Sylvester is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

8.     Defendant Taylor Police Officer Struder is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

9.     Defendant Taylor Police Officer Fryckland is an individual who is/was an employee of the City of Taylor Police Department and works in the City of Taylor, Michigan, which is in this Judicial District. He is being sued in his individual and official capacities.

10.    The individual Defendant police officers were acting under color of law and are being sued in their individual and official capacities.

11.    The individual Defendant police officers are not entitled to qualified or any other immunity because they knowingly and intentionally violated Plaintiff's

clearly established *Fourth Amendment Rights* which any reasonable officer would have known.

12.     This Court has original jurisdiction over these claims pursuant to 28 USC § 1331.

13.     Venue is proper in this Court pursuant to 28 USC § 1391(a)(1) and (2) since the events giving rise to this claim all occurred in Wayne County, Michigan which is within this District.

## FACTS

14.     Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

15.     On or about December 1, 2019, Plaintiff was allegedly involved in an incident occurring out of Romulus, Michigan.

16.     During that time, Taylor Police received a 911 call that Plaintiff had threatened someone with a weapon and left with their dog.

17.     Defendant Taylor Police Officers Amross, Chamberlain, Layne, Lumetta, Struder, Sylvester and Fryckland (collectively the "Defendant Taylor Officers) went to Plaintiff's home located at 16384 Jackson St., in Taylor, Michigan.

18.     Defendant Taylor Police Officers, led by Defendant Amross, knocked on Plaintiff's door, demanded she open the door and step outside her home.

19.     Plaintiff advised the Defendant Taylor Officers that she was coming but

had no clothes on and was securing her dogs.

20.     When Plaintiff opened the door, she was covered only by a towel and wet from taking a shower.

21.     Without permission, consent, probable cause or a warrant, Officer Aaron Layne grabbed Ms. Adamson and physically extracted/pulled her from her home while she was clothed only in a towel and dragged her from her home across the front lawn.

22.     Without legal justification or excuse, Defendant Officer Amross slapped Plaintiff.

23.     Plaintiff was bleeding and required medical attention.

24.     When the Defendant Taylor Police Officers finally stood her up from the ground, Plaintiff begged the Taylor Police Officers to "please clothe me" because she was exposed in the elements and view of the Officers, neighbors, and passers-by.

25.     Defendant Officer Lumetta placed Plaintiff in handcuffs.

26.     Despite the fact Plaintiff was shivering in the cold December rain, Defendant Taylor Police Officers did not offer clothing to Plaintiff until well after her arrest.

27.     Defendant Taylor Police Officers arrested Plaintiff, placed her in Defendant Taylor Police Officers Layne and Fryckland's squad car where she was

transported to Romulus.

28.   The Defendant City of Taylor Police Officers caused Plaintiff to be charged with "Interference With Police Authority," a misdemeanor.

29.   On March 16, 2022, following a motion by Plaintiff, the criminal charges against her were dismissed.

## COUNT I

### VIOLATION OF PLAINTIFF'S *FOURTH AMENDMENT* RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEZIURE PURSUANT TO *42 USC § 1983*

30.   Plaintiff reasserts word for word and paragraph for paragraph the allegations set forth above.

31.   At all relevant times, the individual Defendant Taylor Police Officers Amross, Chamberlain, Lumetta, Fryckland, Struder, Sylvester, and Layne were state actors for purposes of *42 USC § 1983* and were acting under color of law at the time they deprived Plaintiff of her clearly established constitutional rights as set forth herein.

32.   The *Fourth Amendment* to the U.S. Constitution guarantees citizens, like Plaintiff, a clearly established right to be free from "unreasonable searches and seizures" by governmental officials. *U.S. Const. Amend IV.*  This is a clearly established right which any reasonable officer would know.

33.   "When it comes to the *Fourth Amendment,* the home is the first among

equals. At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable government intrusion." *Florida v. Jardines,* 596 U.S. 1, 6-7 (2013)

34.     The curtilage is also "part of the home itself for *Fourth Amendment* purposes." *Id.*

35.     Before entering a suspect's residence to effect his arrest, the police must possess an arrest warrant absent exigent circumstances. *See, People v. Oliver,* 417 Mich. 366, 376 (1983).

36.     No exigent or other circumstances authorized the Defendant Taylor Police Officers to enter and forcibly remove Plaintiff from her home, search her home or arrest her without a warrant.

37.     Defendant Taylor Police Officer Layne, with the support and participation of his fellow Defendant Taylor Police Officers, entered Plaintiff's home without a warrant, and involuntarily removed her without any probable cause, legal justification or excuse for doing so.

38.     The Defendant Taylor Police Officers then conducted an unlawful warrantless search and seizure of Plaintiff in violation of Plaintiff's clearly established *Fourth Amendment* rights.

39.     Each Defendant Taylor Police Officer knew they had no legally permissible right to enter and/or remove Plaintiff from her home, search her, arrest

and charge her with a crime, but each failed to intervene to stop the unlawful conduct described herein.

40.    As a direct and proximate result of the Defendant Taylor Police Officers' violation of Plaintiff's clearly established federal rights, Plaintiff suffered the following injuries, including, but not limited to:

A.    Unlawful detention in jail.

B.    Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of pre-existing conditions.

C.    Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and

D.    Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants Taylor Police Department and Officers Thomas Amross, Jordan Chamberlain, Anna Marie Lumetta, Fryckland, Struder, Sylvester, and Aaron Layne jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by *42 USC §1988* and any other relief the Court deems just.

## COUNT II

### VIOLATION OF PLAINTIFF'S *FOURTH AMENDMENT* RIGHTS TO BE FREE FROM THE USE OF EXCESSIVE FORCE PURSUANT TO *42 U.S.C. § 1983*

41.     Plaintiff reasserts paragraph for paragraph and word for word the allegations set forth above.

42.     The *Fourth Amendment* to the US Constitution prohibits police officers from the use of excessive force incident to arrest. This is a clearly established right which any reasonable officer would know.

43.     Defendant Taylor Police Officers Amross, Chamberlain, Lumetta, Fryckland, Struder, Sylvester, and Layne violated Plaintiff's *Fourth Amendment* guarantees when they used excessive and gratuitous force on Plaintiff, including striking Plaintiff in the face, dragging and throwing her to the ground while she was wearing only a towel covering her naked body in the freezing rain and refusing to cover or otherwise care for her.

44.     Each Defendant City of Taylor Police Officer knew they had no legally permissible right to use excessive force against Plaintiff but each failed to intervene to stop the unlawful conduct of the other.

45.     As a direct and proximate result of Defendants' violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights to be free from unreasonable, gratuitous and

excessive force, Plaintiff suffered the following injuries, including, but not limited to:

A.  Unlawful detention in jail.

B.  Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions.

C.  Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and

D.  Other non-economic injuries which may continue up to and through the date of this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants Taylor Police Department and Officers Thomas Amross, Jordan Chamberlain, Anna Marie Lumetta, Fryckland, Struder, Sylvester, and Aaron Layne, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by 42 USC §1988 and any other relief the Court deems just.

## COUNT III

### MALICIOUS PROSECUTION IN VIOLATION OF THE *FOURTH AMENDMENT* PURSUANT TO 42 USC §1983

46.  Plaintiff reasserts paragraph for paragraph and word for word each of the above allegations.

47.     The *Fourth Amendment* prohibits malicious prosecution.

48.     Criminal prosecution was initiated against Plaintiff.

49.     The Defendant Taylor Police Officers made, influenced, and/or participated in the decision to prosecute.

50.     There was a lack of probable cause for criminal prosecution of Plaintiff.

51.     That as a consequence of the legal proceedings, Plaintiff suffered a deprivation of her liberty.

52.     The criminal proceedings were resolved in Plaintiff's favor.

53.     As a direct and proximate result of Defendants violation of Plaintiff's clearly established federal rights, and/or their conspiracy to violate Plaintiff's clearly established *Fourth Amendment* rights to be free from malicious prosecution Plaintiff suffered the following injuries, including, but not limited to:

A.     Unlawful detention in jail.

B.     Fear, emotional distress, embarrassment, humiliation, anxiety anger, loss of the enjoyments of life, pain and suffering, aggravation of preexisting conditions.

C.     Payment of attorney fees to defend the unlawful criminal charge and other economic injuries; and

D.     Other non-economic injuries which may continue up to and through the date of this litigation.

11

**ACCORDINGLY,** Plaintiff asks this Court to enter a judgment against Defendants Taylor Police Department and Officers Thomas Amross, Jordan Chamberlain, Anna Marie Lumetta, Fryckland, Struder, Sylvester, and Layne, jointly and severally, in their individual and official capacities, including costs, interest, statutory attorney fees, punitive damages and all other relief allowed by *42 USC §1988* and any other relief the Court deems just.

## COUNT IV

### MONELL CLAIM AGAINST THE CITY OF TAYLOR

54.     At the time of the constitutional deprivations discussed above, Defendant City of Taylor had an illegal policy or custom of violating the *Fourth Amendment* rights of citizens, like Plaintiff, by conducting unlawful searches and/or seizures, including the use of unnecessary and excessive force, as Plaintiff was treated in this case.

55.     At the time of the constitutional deprivations described above, the City of Taylor failed to properly train its officers the parameters of the *Fourth Amendment.*

56.     At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendant Taylor Police Officers was ratified by an official with final decision-making authority (i.e., the Chief of Police) and a custom of acquiescence and tolerance to the Departments long-standing

practice of arresting citizens without probable cause and using excessive force, as Plaintiff was treated in this case.

57.    This unconstitutional policy and custom were evidenced by the City of Taylor's fabrication of material facts in the police reports of the respective officers, the approval of their superiors, the lack of any discipline to the Defendant Taylor Police Officers.

58.    As a direct and proximate result of Defendant City of Taylor's unlawful conduct, Plaintiff suffered terror, pain, agony, anxiety, shock, degradation, indignity, depression, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue beyond this litigation.

59.    In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against each of the individually named Defendants under *42 USC § 1983,* in that the actions of each of these individual Defendants were malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendant City of Taylor, for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted

under *42 USC §§ 1983, 1985* and *1988.*

<div style="margin-left: 50%;">

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

</div>

Date:  October 31, 2022

## JURY DEMAND

Plaintiff Veronica Adamson hereby demands a jury trial in the above captioned matter.

<div style="margin-left: 50%;">

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

</div>

14

15

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
Date:  October 31, 2022                (313)964-1702

15