UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA ADAMSON,

    Plaintiff,

v.

                                        Case No. 22-cv-12611
                                        Honorable Linda V. Parker

CITY OF TAYLOR, et al.,

    Defendants.
_____/

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DEEM ADMITTED OR DISMISS (ECF No. 54) AND ORDERING PLAINTIFF TO SUPPLEMENT RESPONSES

This matter is before the Court on Defendants' motion to dismiss, or, in the alternative, to have requests for admissions deemed admitted. (ECF No. 54.) Adamson filed a response and no reply was filed. (ECF No. 55.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, the motion is **DENIED**. However, Adamson is **ORDERED** to supplement her responses to the disputed requests by **August 26, 2025**, as outlined below.

I.      BACKGROUND

This motion involves Adamson's response to certain discovery requests, which Defendants allege were inadequate. (ECF No. 54.) It is uncontested that

Adamson timely responded to the discovery requests, the sole issue in dispute is the sufficiency of those responses.  (ECF No. 54, PageID.609.)  The requests and responses in dispute are as follows:

> Request to Admit No. 1: Please admit Plaintiff has not changed, deleted, modified, terminated and/or started any Facebook Accounts from December 1, 2019 to present.
>
> ANSWER: Plaintiff objects to this request because it is irrelevant, and disproportionate to the needs of the case. As Defendant knows, Plaintiff is under the custody of the DOC. She does not have access to her Facebook Account, the internet or any like electronic device while incarcerated. Without waiving such objection, Plaintiff has made reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny.
>
> Interrogatory No. 1: If your answer to Request to Admit #1 is anything other than a complete admission, please provide the following:
>     (a) The basis for your response;
>     (b) Please state how you changed, deleted, modified, terminated and/or started any Facebook Accounts from December 1, 2019 to present;
>     (c) Please explain why your current Facebook Account does not have any posts prior to July 29, 2021;
>     (d) Please state whether you posted on any other Facebook Accounts from the date of the incident to present and, if so, identify all such Accounts?
>
> ANSWER: Plaintiff objects to this request because it is irrelevant, and disproportionate to the needs of the case. As Defendants are well aware, Plaintiff has no access to her Facebook Account, the internet or any other electronic device to respond to this interrogatory.
>
> Request to Produce No. 1: Please produce a copy of each and every document supporting the denial of Request to Admit No. 1 including, but not limited to, any and all Facebook Accounts made by Plaintiff from December 1, 2019 to present and produce a copy of each and every document identified in the preceding answer to Interrogatory.

> RESPONSE: Plaintiff objects to this request because it is irrelevant, and disproportionate to the needs of the case. [] Plaintiff further objects to this request because Plaintiff has no access to her Facebook Account, the internet, or any other electronic device to obtain the information sought in this interrogatory. Without waiving such objection, Defendants may find Plaintiff's dormant Facebook Account at: http://www.facebook.com/veronic.adamsom.365.

(ECF No. 54-2.)

Defendants allege that Adamson deleted several social media posts related to the events at issue and that she is capable of relying on her memory to fully respond to the disputed discovery requests. (ECF No. 54, PageID.608.) However, Defendants deposed Adamson on September 7, 2023, at which time she testified that she did not remember posting anything on Facebook about the incident. (ECF No. 43-2, PageID.377.) Adamson's responses to the discovery requests were served on November 27, 2023, Defendants informally objected to the responses on December 6, 2023, and discovery in this case closed on March 18, 2024. (ECF Nos. 37, 54.) The pending motion was not filed until July 23, 2025, approximately four months after this Court's ruling on Defendants' motion for summary judgment. (ECF Nos. 52, 54.)

Adamson argues that her responses were sufficient as she was incarcerated at the time they were made, and they were made in good faith to the best of her ability. (ECF No. 55, PageID.629.) Further, she argues that the motion is procedurally improper as Defendants should have first filed either a motion

3

challenging the sufficiency of the answers or a motion to compel before seeking admission or sanctions, including dismissal. (*Id.*)

## II. STANDARD

In relevant part, Federal Rule of Civil Procedure 36(a)(6) provides that in the case of an allegedly insufficient answer to a request for admission:

> [t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

If a motion to determine the sufficiency of an answer is granted, the court shall award the moving party its reasonable expenses incurred in making the motion, unless: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(A).

Finally, parties have an ongoing obligation to "supplement or correct" any response to a request for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1) The duty to supplement continues through trial and does not end at the close of the formal discovery period. *Trapp v. Fed. Express Corp.*, 647 F. Supp. 3d 567, 569 (E.D. Mich. 2022).

4

### III. ANALYSIS

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985). Defendants have provided no evidence of willfulness, bad faith, or fault on Adamson's part. (ECF No. 54.) Further, the Court finds it plausible that Adamson lacked information sufficient to admit or deny the requests without access to her Facebook account as the alleged activity occurred years before the request for admission was made. The Court finds this particularly true as Defendants had the opportunity to depose Adamson on this question, at which time she did not remember posting anything on Facebook about the incident, and it is unclear what basis the Defendants have for asserting that Adamson deleted relevant posts. (ECF No. 43-2, PageID.377.) Mere speculation alone is not grounds for the extreme sanction of dismissal. *Id.* Additionally, Adamson's conduct has not violated any orders of this Court. For that reason, the Court **DENIES** Defendants' motion to dismiss.

Further, the Court finds that it is inappropriate to deem the matters admitted as Adamson answered the requests to the best of her knowledge and her objections were substantially justified due to her incarceration. Adamson's response was in line with Fed. R. Civ. P. 36(a)(4) as she specifically stated she was unable to admit

5

or deny the request after a reasonable inquiry. Defendants have provided no basis for concluding that Adamson's responses were improper at the time they were made. For that reason, the Court **DENIES** Defendants' motion to deem admitted.

However, the Court finds that Adamson's social media posts relating to the events in question are within the scope of discovery as they are relevant and proportional to the needs of the case. It is plausible that the social media posts could include Adamson's account of the events at issue or other relevant information. As Adamson is no longer incarcerated and presumably has access to her social media, undermining the primary basis for her prior objection, the Court finds that it is reasonable for her to review her Facebook account and fully respond to the requests at issue. This is generally in line with her ongoing duty to supplement discovery responses as new information arises. Fed. R. Civ. P. 26(e)(1). To the extent that Defendants moved for a supplemental response due to a change in circumstances, that request is **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to deem admitted or dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for supplemental responses is **GRANTED**.

**IT IS FURTHER ORDERED** that Adamson **SHALL SUPPLEMENT** her responses to the disputed requests by **August 26, 2025**, after a review of her relevant social media account(s).

**IT IS FURTHER ORDERED** that the Court finds Adamson's objections and responses to the disputed requests to be substantially justified and Defendants' motion for costs and fees is consequently **DENIED**.

Dated: August 13, 2025                        s/LINDA V. PARKER
                                              UNITED STATES DISTRICT JUDGE